# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5831 | **DATE** | 3/29/2013 |
| **CASE TITLE** | Williams v. Hardy | | |

**DOCKET ENTRY TEXT**

Respondent's motion to dismiss (#[17]) is granted, and petitioner's habeas corpus petition is dismissed as untimely under 28 U.S.C. § 2244(d). Petitioner's motion for extension of time (#[31]) is denied. The Court denies petitioner's request for a certificate of appealability.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Respondent has filed a motion to dismiss petitioner Tyrone Williams' Section 2254 habeas corpus petition on the ground that it is time-barred under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner, who is proceeding *pro se*, filed an answer to the motion, and respondent then filed a reply. For the reasons explained below, the motion is granted.

    In December 1982, after a two-day bench trial, petitioner was convicted of first degree murder. (Ex. A at 3.) In June 1983, he was sentenced to life in prison without the possibility of parole. (*Id.* at 4.) He filed an appeal to the Illinois Appellate Court, arguing that his trial counsel was preparing for his own criminal defense while representing petitioner and was therefore ineffective. (Mot. at 2.) In rejecting this argument, the Illinois Appellate Court stated that petitioner's trial counsel "acted competently" because he, among other things, "filed a motion for severance, raised numerous objections during the State's direct examination of its witnesses, conducted vigorous cross-examination, filed a post-trial motion, filed and argued three motions to ban the death penalty hearing, and successfully argued a motion to grant funds for expert witnesses." *People v. Williams*, 487 N.E.2d 13, 14 (Ill. App. Ct. 1985). On April 2, 1986, the Illinois Supreme Court denied petitioner's petition for leave to appeal.

    On October 15, 1991, petitioner filed a habeas corpus petition in federal court, but the district court dismissed the petition on February 2, 1993 because petitioner had failed to exhaust his state-court remedies. (Mot. at 3.) The court denied petitioner's motion to reconsider on April 8, 1993. Petitioner did not file his state court post-conviction petition until December 9, 1997. Lengthy proceedings then ensued in state court. The appellate court twice remanded the case, but on the third appeal the appellate court affirmed dismissal of petitioner's post-conviction petition. (*Id.* at 4-5.) Petitioner's main argument was that his trial counsel was ineffective for failing to have the murder weapon analyzed for fingerprints to show that petitioner "never touched" it. (*Id.* at 3.) It should be noted that trial counsel did argue in his closing statement that the State

had failed to provide any fingerprint evidence connecting petitioner to the weapon. (*Id.* at 4.) Petitioner filed the present habeas petition in this Court in August 2011.

Respondent argues that the petition is time-barred under § 2244(d)(1). Subsection (d) contains four possible starting dates for the one-year limitations period. Respondent argues that subsection (A) applies. It states that the one-year period begins on "the date on which [petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d) does contain three other possible later starting points for the limitations period, but respondent argues they are not applicable here because petitioner does not allege a State-created impediment to filing, a newly recognized constitutional right, or a factual predicate that could not be discovered earlier through the exercise of due diligence.

Applying this rule here, respondent argues that petitioner's judgment became final on July 1, 1986 when his opportunity to seek direct review with the U.S. Supreme Court expired, which was 90 days after the Illinois Supreme Court denied his petition on April 2, 1986. However, because the judgment became final before Section 2244(d)'s effective date of April 24, 1996, petitioner had a one-year grace period to file his habeas petition – *i.e.* until April 24, 1997. *See Newell v. Hanks*, 283 F.3d 827, 832-33 (7th Cir. 2001). As noted above, petitioner did not file his petition until 2011.

In response to respondent's motion to dismiss, petitioner filed a document entitled "Answer," which was docketed as entry # 25. Before addressing the arguments raised therein, we note that petitioner later filed a motion requesting additional time to file a response brief to the motion to dismiss. *See* Dkt. # 31. However, this motion was filed after the respondent had already filed its reply brief. It is not clear why petitioner is seeking to file a response brief when he had already filed what is in all practical senses a response brief, albeit one titled as "Answer" (*see* Dkt. #25). The answer brief responded to and addressed the arguments raised in respondent's motion to dismiss. Petitioner has not explained why he needs to file what would in effect be a second response brief. He does not state that there are new facts or new case law to justify an additional brief. Therefore, the motion for extension of time is denied.

In his response brief, petitioner raises three main arguments. First, petitioner asserts that the one-year limitations period should not begin on the date on which his direct appeal became final, as respondent argues, but at some later date. Specifically, he seeks to rely on subsection (d)(1)(B) and argues that the limitations period should begin at a later point because he was impeded in filing his petition due to the ineffectiveness of his attorney (Michael Unger). (Ans. at 4.) Petitioner states that he and his family, over a four and a half year period from 1993 to 1997, sought to recover attorney fees paid to attorney Unger. Through arbitration, they ultimately (according to petitioner) recovered 85% of the fees they paid their attorney. (*Id.* at 5.) Unfortunately for petitioner, this argument is unavailing because, as respondent points out, the attorney's alleged ineffectiveness occurred before 1993 and thus did not impede petitioner's later ability to file his habeas petition beginning on Section 2244(d)'s April 24, 1996 effective date and continuing up until April 24, 1997 when the limitations period expired. (Reply at 2; *Newell*, 283 F.3d at 832-33.)

Second, petitioner argues that the limitations period should be tolled during the time he was pursuing his state court post-conviction claims. (Ans. at 12.) He relies on subsection (d)(2), which provides that the time during which a post-conviction petition is pending "shall not be counted" against the one-year limitation period. This argument fails for several reasons. Although petitioner did file a state court post-conviction petition, it was filed in December 1997 – or, 229 days *after* the one-year limitations period had already expired. Thus, as respondent points out, the initiation of the state proceedings cannot toll the one-year period. *See DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant" for purposes of tolling the one-year period in § 2244(d)). As Seventh Circuit explained in *DeJesus*, subsection (d)(2) merely "excludes" the time while the petition is pending, but it cannot be used to "restart" the limitations period. *Id.* Moreover, as respondent further points out, even if the state court proceedings could toll the one-year period, it would not help petitioner because he still exceeded the one-year period when the days before and after those proceedings are counted. There were 229

days after the one-year grade period ended in 1997 and before petitioner filed the post-conviction petition; then, after those proceedings ended, an additional 330 days elapsed before petitioner's habeas petition was received by this Court. (Resp. Mot. at 8-9.)  This is a total of 559 days.  *Id.*

Third, petitioner argues that the limitations period should be equitably tolled.  The Supreme Court has stated that equitable tolling can apply in a federal habeas case, but only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418).  Here, petitioner has not come forward with facts to meet this demanding standard.  While it is true that petitioner is proceeding *pro se* and is in prison, these factors are not enough to justify equitable tolling.  *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (" lack of legal expertise" and "a prisoner's limited access to the prison law library" are not grounds for equitable tolling).  Moreover, petitioner and his family made the voluntary decision to focus much of their efforts, from 1993 to 1997, on pursuing their claims for recovery of fees paid to petitioner's former attorney.  As respondent points out, this decision to pursue other litigation is "by definition, not a circumstance 'outside [petitioner's] control.'" (Reply at 3, *quoting Tucker*, 538 F.3d at 734.)  For all the above reasons, we find that petitioner's claims are time-barred under Section 2244(d) and grant respondent's motion to dismiss the petition with prejudice.

In his response brief, petitioner asked that, if we deny his petition, we grant him a certificate of appealability. Respondent opposes the request. Under Rule 11(a) of the rules for Section 2254 proceedings, we must issue or deny the certificate when we enter "a final order adverse to the applicant." A certificate should be granted only if the petitioner can make a substantial showing of a denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003).  To meet this standard, petitioner must show that "reasonable jurists" could debate whether petitioner's claims should have been denied. *Id.* at 336.  For the reasons explained above, this Court finds that petitioner has not shown that reasonable jurists could debate the conclusion that his claims are time-barred under Section 2244(d)(1) or the conclusion that equitable tolling does not apply.